The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEMBA RESEARCH, L.L.C., a Washington limited liability company, | ) ) ) |
| Plaintiff, | ) No. 06-0359 JPD ) |
| v. | ) **PROTECTIVE ORDER** ) |
| ENNA INCORPORATED, a Canadian corporation, COLLIN R. McLOUGHLIN, an individual, and PHILIP S. GORITSAS, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

This case may require the disclosure of information, either documentary or testimonial or both, regarded as confidential. Accordingly, the parties, by and through their respective attorneys, have requested entry of an order under Rule 26 of the Federal Rules of Civil Procedure to protect confidential information during discovery and trial.

**1.     Nondisclosure of Sensitive Information:** All documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive

STIPULATED PROTECTIVE ORDER — 1
SEA 1878742v2 80188-4

the information under the terms of this Protective Order. The parties agree to designate information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

**2.     Designation of Documents as Confidential:** Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)  In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(b)  In the case of interrogatory answers and the information contained therein, by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(c)  In the case of tangible items, by visibly marking the item or, if not practical, by marking the container or a tag attached to the item, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(d)  Documents and tangible items may also be labeled with the legend "Confidentiality Designation Made By Counsel, Case No. 06-0359 JPD."

(e)   In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting party selects documents for copying, the producing party shall mark as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" the copies of the documents that contain confidential information prior to producing the copies to the inspecting party.

**3.     Use and Designation of Confidential Information During Depositions:** If depositions require the disclosure of confidential information, counsel for the witness or party producing such information may identify, on the record, the portion of the deposition which counsel believes may contain confidential information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the reporter. Subject to the terms hereof, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

(a)     the present employees, directors, officers, or Rule 30(b)(6) designee(s) of the producing party;

(b)     an author, addressee, or other person indicated as a recipient of a document containing the information;

(c)     a person identified through discovery or investigation or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information).  Prior to any disclosure under subparagraph (c), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. However, if an objection is made, the confidential information may not be disclosed to the deponent until the objection is resolved by the parties or the court decides disclosure is warranted. Any party may bring before the court the

STIPULATED PROTECTIVE ORDER — 3
SEA 1878742v2 80188-4

question of whether confidential information may be disclosed to the deponent;

(d) an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or

(e) any person for whom prior authorization is obtained from the producing party or the Court.

**4. Period For Designation Of Deposition Transcripts As Confidential:** Regardless of whether notice was given at the deposition, deposition transcripts shall be considered "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for twenty-one (21) days after delivery of transcripts to the parties. Each party shall have until twenty-one (21) days after receipt of the deposition transcript which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The right to make such designation shall be waived unless made within the twenty-one (21) day period, subject to the inadvertent disclosure provisions of paragraph 10. The twenty-one (21) day period may be reduced by agreement of the parties and any requests for reduction of such time period will not be unreasonably refused.

**5. Filing of Confidential Information With the Court:** Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "Confidential - Not To Be Opened Except By Order Or Direction Of The Court (As per Protective Order entered _____, 2006)." Upon filing through the ECF system, the party filing such a document or pleading shall refer to the docket entry associated with this Protective Order.

**6. Examples of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information:** As used in this Protective Order, "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" means Discovery Material that a party in good faith

STIPULATED PROTECTIVE ORDER — 4
SEA 1878742v2 80188-4

believes, following review by counsel, constitutes highly confidential material that comprises any highly sensitive information, including but not limited to, certain highly sensitive technical information relating to research for and production of current products, technical and research information regarding future products, certain highly sensitive business or financial information (including customer lists) and marketing plans and forecasts, and any similar information.  The "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation is to be used in good faith only to protect the confidential materials which meet the above defined criteria.

7. **Persons Entitled to Review "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information:** Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents or information, including summaries thereof, but not including documents with the confidential portions redacted to the extent only a portion or portions of a document have been designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," shall be limited to:

(a) the attorneys who have appeared in this matter and their partners, associates, paralegals, secretaries, and office assistants;

(b) judges, magistrates, any special master appointed by the Court, law clerks, and clerical personnel of this Court or any other court where discovery or other matters pertaining to this action might lie, as well as any court to which an appeal in this action might lie;

(c) independent consultants or experts, not employees, directors or officers of the parties, retained by any of the parties and/or their counsel to consult or testify in the case;

(d) persons entitled to receive the information pursuant to Paragraph 3 above;

      (e)    outside vendors who perform photocopying, microfiching, computer classification or similar clerical functions, but only so long as necessary to perform those services; and

      (f)    court reporters, persons operating video equipment in depositions, and other person engaged in preparing transcripts of testimony or hearings for this action.

In the event that counsel believes there is a need to disclose documents or information marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" with persons other than those permitted to receive such documents or information by this paragraph 7, upon request of such counsel, counsel for the party producing such documents or information shall confer with such counsel at the earliest opportunity for the purpose of resolving such request in good faith. In the event counsel cannot reach an agreement, any party may bring before the Court the questions of whether disclosure of the confidential information to such person is warranted.

**8.     Persons Entitled To Review "CONFIDENTIAL" Information:** Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to:

      (a)    the persons and entities identified in Paragraphs 3 and 7; and

      (b)    the individual defendants, and no more than three employees or officers of the nonproducing party who are assisting counsel in litigating this matter and who have a need to know the information.

In the event that counsel believes there is a need to disclose documents or information marked "CONFIDENTIAL" with persons other than those permitted to receive such documents or information by this paragraph 7, upon request of such counsel, counsel for the party producing such documents or information shall confer with such counsel at the earliest opportunity for the purpose of resolving such request in good faith.

In the event counsel cannot reach an agreement, any party may bring before the Court the questions of whether disclosure of the confidential information to such person is warranted.

**9.     Procedure For Disclosure Of Confidential Information:** Before the non-producing party discloses any information subject to this Protective Order to any employee or officer of the non-producing party (other than the individual defendants, who may review information marked "CONFIDENTIAL" by plaintiff), or to any consultant or expert retained by the nonproducing party, counsel for the party disclosing the information shall obtain a written affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.  Except as provided for in paragraph 3(e), the affidavits shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any confidential information to such person.  For each consultant or expert retained by the non-producing party, a CV shall also be provided to opposing counsel ten (10) days in advance of the first disclosure of any confidential information to such consultant or expert.  If no objection is made to such person receiving confidential information within such ten (10) day period, then confidential information may be disclosed to such person.  If objection is made, confidential information may not be disclosed to such person until the objection is resolved by the parties or the Court.  Any party may bring before the Court the question of whether the confidential information maybe disclosed to such person. The ten (10) day period for objections maybe reduced by agreement of the parties and any requests for reduction of such time period will not be

unreasonably refused.  All signed affidavits shall be maintained through the conclusion of this action.

**10.     Inadvertent Disclosure Of Confidential Information:**  If, through inadvertence, a producing party provides confidential information without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, or if a producing party, through inadvertence, fails to designate deposition testimony within the thirty (30) day period as provided in paragraph 4, the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" nature of the disclosed information or testimony, and the receiving party shall treat the disclosed information and/or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information upon receipt of written notice from the producing party.

**11.     Inadvertent Disclosure Of Privileged or Work Product Information:**  If, through inadvertence, a producing party provides information protected by the attorney-client privilege or any other privilege, or information protected from discovery by the work product doctrine or other applicable doctrine, the producing party may subsequently inform the receiving party of the nature of the disclosed information, and, upon receipt of written notice from the producing party, the receiving party shall return the information and all copies thereof to the producing party and shall not use the information in any way.

**12.     Limitation on Applicability of Order**:  This Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of its own information and/or information that was not received from a producing party pursuant to this Protective Order.  The restrictions set forth in this Protective Order will not apply to information which is known to the public before the date of its transmission to the receiving party, or

STIPULATED PROTECTIVE ORDER — 8
SEA 1878742v2 80188-4

which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents that would be in violation of this Protective Order or other law. If such public information is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY," counsel for the receiving party must inform counsel for the producing party of the pertinent circumstances ten (10) days in advance of treating such information as nonconfidential. If no objection is made within such ten (10) day period, then such designated information may be treated as nonconfidential. If an objection is made, the designated information must be treated as subject to this Protective Order until the objection is resolved by the parties or the Court. Any party may bring before the Court the question of whether designated information may be treated as nonconfidential. The ten (10) day period for objections may be reduced by agreement of the parties and any request for reduction of such time period will not be unreasonably refused.

**13.     Use of Confidential Information:** Confidential information received in this litigation shall be used only in connection with this case. The use of such information at trial or hearing in this case shall be subject to such protection as the Court shall determine.

**14.     Resolution of Disputes:** Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If any dispute arises with respect to a claim of confidentiality or with respect to any other subject matter under this Protective Order, the parties shall try in good faith to resolve such dispute on an informal basis. If agreement cannot be reached between counsel, then the dispute may be presented to the Court by either party by motion or otherwise, and the

STIPULATED PROTECTIVE ORDER — 9
SEA 1878742v2 80188-4

parties shall continue to treat the material as confidential and to use the material only in the manner authorized by this Protective Order until the Court rules that it may be treated otherwise. In the resolution of such matter, the party challenging the confidentiality designation must present a prima facie showing that challenged information was improperly designated. The burden then shifts to the party making the designation to demonstrate that the challenged material was properly designated.

**15.**   **Nonwaiver:**  This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality. For example, nothing in this Protective Order shall be construed as requiring disclosure of information, documents, or things that are beyond the scope of appropriate discovery in this case. Additionally, nothing in this Protective Order shall affect any matter of attorney-client privilege, work product doctrine, or other privileges or immunities; such matters shall be governed by the applicable law of privilege or immunity. Additionally, any party's designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or any party's objections or lack of objections thereto, shall not in any way affect or be admissible as to any evidentiary matters; such matters shall be governed by the applicable law of evidence. Also, any party's designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or any party's objections or lack of objections thereto, shall not in any way affect or be admissible as to any substantive claims and/or defenses that are or may be at issue in this case or any other action, such as claims and/or defenses pertaining to trade secrets, and/or proprietary rights; such claims and/or defenses shall be governed by the applicable statute(s) and/or substantive law.

**16.**   **Subsequent Modifications of Order:**  This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the

STIPULATED PROTECTIVE ORDER — 10

SEA 1878742v2 80188-4

Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

**17.  Disposition of Documents at Conclusion of Action:**  At the conclusion of this action, including any appeals, all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information produced hereunder shall continue to be binding after the conclusion of this action.

**18.  Nonparty Reliance on Order:**  If discovery is sought of a person not a party to this action ("nonparty") requiring disclosure of such nonparty's confidential information, the confidential information disclosed by such nonparty may be designated by the nonparty as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, as provided under this Protective Order, and will be subject to the same protection and procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information.

**19.  Nonparty Requests for Information Subject to This Order:**  If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by someone other than that party, the party shall give written notice by hand or facsimile transmission within ten days of receipt of such subpoena, demand, or legal process to the party who designated the information, and shall

object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge an appeal any order requiring production of information subject to the Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

The foregoing is hereby stipulated by and between counsel.

STIPULATED TO this 8th day of September, 2006.

Davis Wright Tremaine LLP

Date: September 8th, 2006

By:  _s/ Brian G. Bodine_
Brian G. Bodine, WSBA #22414
David H. Deits, WSBA #2350
Nigel Avilez, WSBA #36699
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Telephone: (206) 628-7623
Fax: (206) 903-3723
E-mail: brianbodine@dwt.com

*Attorneys for Plaintiff Gemba Research LLC*

Perkins Coie LLP

Date: September 8th, 2006

By: s/ Michael J. Berchou
Amanda J. Beane, WSBA #33070
Ramsey Al-Salam, WSBA #18822
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000
E-Mail: ABeane@perkinscoie.com

*Attorneys for Defendants Enna Incorporated,*
*Collin R. McLoughlin and Philip S. Goritsas*

- and -

Michael J. Berchou, Esq.
Phillips Lytle LLP
3400 HSBC Center
Buffalo, New York 14203-2887
Telephone: (716) 847-8400
Facsimile: (716) 852-6100
E-Mail: mberchou@phillipslytle.com

*Attorney for Defendants Enna Incorporated,
Collin R. McLoughlin and Philip S. Goritsas*

IT IS SO ORDERED this 11th day of September, 2006.

<u>/s/ JAMES P. DONOHUE</u>
United States Magistrate Judge

Presented by:

DAVIS WRIGHT TREMAINE LLP

By <u>s/ Brian G. Bodine</u>
Brian G. Bodine, WSBA #22414
*Attorneys for Plaintiff*

STIPULATED PROTECTIVE ORDER — 13
SEA 1878742v2 80188-4

<u>APPENDIX A</u>

The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEMBA RESEARCH, L.L.C., a Washington limited liability company, | ) ) ) |
| Plaintiff, | ) No. 06-0359 JPD ) ) |
| v. | ) **[PROPOSED] PROTECTIVE** ) **ORDER** ) |
| ENNA INCORPORATED, a Canadian corporation, COLLIN R. McLOUGHLIN, an individual, and PHILIP S. GORITSAS, an individual, | ) ) ) ) ) |
| Defendants. | ) |

STATE OF _____ )
                                ) ss
COUNTY OF _____ )

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My employer is _____.

STIPULATED PROTECTIVE ORDER — 14
SEA 1878742v2 80188-4

3.   My present occupation or job description is _____

_____.

4.   I have reviewed a copy of the Protective Order in this case signed on behalf of the U.S. District Court, Western District of Washington on _____.

5.   I have carefully read and understand the provisions of the Protective Order.

6.   I will comply with all of the provisions of the Protective Order.

7.   I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any Confidential Matter or any words, substances, summaries, abstracts or indices of Confidential Matter disclosed to me.

8.   I will return all Confidential Matter and summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents and things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9.   I hereby submit to the jurisdiction of the U.S. District Court, Western District of Washington for the purpose of enforcement of the Protective Order in this case.

_____
Signature

Subscribed and sworn to before me this _____ day of _____ , 20__.

_____
Notary Public
My commission expires _____

STIPULATED PROTECTIVE ORDER — 15
SEA 1878742v2 80188-4

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ramsey M Al-Salam
>
> Amanda J Beane
>
> Michael J Berchou

DATED this 11th day of September, 2006.

By s/ Brian G. Bodine

STIPULATED PROTECTIVE ORDER — 16
SEA 1878742v2 80188-4